297 P.2d 1041

**Lily WHEAT, Plaintiff-Appellant,**

**v.**

**IDAHO FALLS LATTER DAY SAINTS HOSPITAL, Defendant-Respondent.**

**No. 8382.**

Supreme Court of Idaho.

May 29, 1956.

Glenn A. Coughlan, Boise, Anderson & Anderson, Pocatello, for appellant.

Merrill & Merrill, Pocatello, for respondent.

TAYLOR, Chief Justice.

In her complaint, plaintiff (appellant) alleges that she suffered personal injury as the result of negligence on the part of both the defendant (respondent) hospital and its employees; that the injury occurred while she was a paying patient in the hospital; and that the hospital does receive and treat some patients without charge, or on charity.

A general demurrer to the complaint was sustained and judgment entered dismissing the action. This appeal is from the judgment.

Appellant presents this appeal upon the theory that her complaint alleges the charitable character of the defendant, and directly attacks the doctrine of immunity announced in Wilcox v. Idaho Falls L.D.S. Hosp., 59 Idaho 350, 82 P.2d 849, 853. In that case this court held that a charitable hospital is exempt from liability to a pay-patient for injury caused by negligence of its employees, and that such exemption is not limited to cases in which the management has exercised due care in the selection and retention of such employees.

In obedience to that decision there was no course open to the trial judge in this case but to sustain the demurrer and dismiss the action.

In the majority opinion in the Wilcox case, Justice Morgan discusses the three principal theories upon which the immunity granted in various jurisdictions has been rested, to-wit: 1. "Immunity on Ground of Public Policy", 2. "Trust Fund Doctrine", 3. "Implied Waiver by Acceptance of Benefits". However, the court chose to

rest the decision upon the latter theory, as follows:

"A careful study of the authorities on this subject has convinced us that a hospital, conducted in the interest of charity, is exempt from liability to its paying patients who have suffered injury due to the negligence of its employees, and that the true rule for the exemption is the one stated by Justice Cardozo in Schloendorff v. Society of New York Hospital, 211 N.Y. 125, 105 N.E. 92, 93, Ann.Cas.1915C, 581, 52 L.R.A.,N.S., 505, as follows:

" 'It is said that one who accepts the benefit of a charity enters into a relation which exempts one's benefactor from liability for the negligence of his servants in administering the charity.' " Wilcox v. Idaho Falls L.D.S. Hosp., 59 Idaho 350, 362, 82 P.2d 849, 854.

Having considered all three grounds of immunity, and having specifically rested the decision upon implied waiver, the court may be said to have rejected the grounds of public policy and the trust fund doctrine. As to waiver, it seems illogical to say that a patient, who pays for the services of a hospital, is a recipient of charity, or waives any rights merely by becoming a patient in an institution which renders services to others on a charitable basis. Moreover, Chief Justice Holden and Justice Givens dissented, being of the opinion that such a hospital should be held liable for injuries to a paying patient, resulting from negligence of its employees. The basis of the Wilcox case is thus limited by the majority, and weakened by the dissent of two of the five justices.

We have reviewed the entire question, and have concluded that the hospital, though a charitable institution, is liable for injuries to its paying patients, resulting from negligence of its management or employees. To the extent it is in conflict herewith, the Wilcox case is overruled.

The contrariety of judicial opinion on the subject, mentioned by Chief Justice Holden in the Wilcox case, and the reasoning for and against the various theories of liability and immunity, have been thoroughly considered and stated in many jurisdictions. A lengthy review here would not add to the learned discussions already available. We content ourselves with citing authorities which support our conclusion. Ray v. Tucson Medical Center, 72 Ariz. 22, 230 P.2d 220; St. Lukes Hosp. Ass'n v. Long, 125 Colo. 25, 240 P.2d 917, 31 A.L.R.2d 1120; Pierce v. Yakima Valley Memorial Hosp. Ass'n, 43 Wash.2d 162, 260 P.2d 765; Noel v. Menninger Foundation, 175 Kan. 751, 267 P.2d 934; Landgraver v. Emanuel Lutheran Charity Bd., 203 Or. 489, 280 P.2d 301 (dissenting opinion); President & Directors of Georgetown College v. Hughes, 76 U.S.App.D.C. 123, 130 F.2d 810; Durney v. St. Francis Hosp., 7 Terry, Del., 350, 83 A.2d 753; McLeod v. St. Thomas Hosp., 170 Tenn. 423, 95 S.W.

2d 917; Mississippi Baptist Hospital v. Holmes, 214 Miss. 906, 55 So.2d 142, 56 So.2d 709, 25 A.L.R.2d 12, Annotation, Immunity of Nongovernmental Charity from Liability for Damages in Tort, 25 A.L.R.2d 29. Cf. Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151.

The judgment is reversed and the cause is remanded with directions to overrule the general demurrer and permit respondent to plead further.

Costs to appellant.

KEETON, ANDERSON and SMITH, JJ., and BAKER, D. J., concur.