Sang HOWARD, Plaintiff,

v.

SISTERS OF CHARITY OF LEAVEN-
WORTH, a corporation, Defendant.

Civ. A. No. 794.

United States District Court
D. Montana,
Butte Division.

April 14, 1961.

Frank Burgess and Harry C. Alley, Butte, Mont., for plaintiff.

Corette, Smith & Dean, Butte, Mont., and Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

JAMESON, District Judge.

Plaintiff, a citizen and resident of Montana, has brought this action to recover damages for personal injuries sustained while a patient in St. James Hospital in Butte, Montana. The hospital is operated by the defendant, a corporation organized under the laws of the State of Kansas. The defendant asserts that it is a charitable corporation and does not operate at a profit for any of its members and does operate for the purpose of furnishing medical attention to patients as a charitable institution. Plaintiff asserts that he was a paying patient in the hospital.

By agreement of counsel, as set forth in pretrial order, there have been submitted to the court for determination in advance of trial two related questions: (1) whether the fact that the defendant is a charitable corporation is "sufficient to constitute a complete defense to the action"; and (2) whether, in the event the defendant at all times "exercised and used due care in the selection of its employees or servants", this fact would constitute "a valid and complete defense".

Both questions relate to defendant's contention that as a charitable hospital it is immune from tort liability for the negligence of its employees. In briefs filed by both parties it is agreed that this question has not been passed upon

by the Montana Supreme Court and that there is a great divergence of opinion among the other jurisdictions. Some courts have granted total immunity to charitable corporations. Others have limited the immunity to nonpaying patients, and still others to all patients, as distinguished from other persons who might be injured on the corporation's premises. Some courts have held that there is immunity unless there was fault on the part of the governing board in the selection of employees. In a few states immunity is denied if, but only if, the liability is covered by insurance. Other courts have denied immunity altogether, placing a charitable corporation in the same position as noncharitable corporations.[1]

Those decisions which have held a charitable corporation immune from tort liability, in whole or in part, are based upon different theories. Professor Scott, in his treatise on Trusts, states that three possible bases have been suggested by the courts for the exemption of charitable corporations from tort liability: "(1) that the trust assets should not be diverted from the charitable purposes for which they were given; (2) that persons benefiting from the charity by the acceptance of such benefits waive any claim for damages; and (3) that the doctrine of respondeat superior is inapplicable to charities".[2]

It is apparent from the defendant's brief that, with respect to the first question, defendant relies upon the "trust fund theory", the brief stating in part:

"The statutory obligation of a trustee (and this would particularly apply in the case of property dedicated to a charitable purpose) is to follow the directions of the trustor and to use ordinary care and diligence in the execution of the trust. R.C.M.1947, §§ 86–501 and 86–502.[3] Many of the cases in other jurisdictions which grant an immunity to charities from liability in tort have been placed upon the trust fund theory. * * *"

Although California has the same statutory provisions as Montana, the supreme court of that state has rejected the "trust fund theory", as well as other possible bases of immunity, and has held that a charitable corporation is liable for the torts of its employees.[4]

As to the "trust fund theory", Professor Scott states:

"Under this theory the exemption of the institution is very broad. Under it a hospital, for example, is not subject to liability, whether the negligence is that of the directors or trustees or officers or that of its nurses or other employees; it is not subject to liability whether the person injured is a patient, either a paying patient or a charity patient, or is a visitor or an employee or a stranger, as for example a person who is injured on the sidewalk in front of the hospital or a person who is struck by an ambulance. Such a sweeping exemption from liability of charitable institutions seems to be clearly against public policy. The

---

1. For citations of cases in the various categories see: Annotation 1952, 25 A.L.R.2d 29; IV Scott, The Law of Trusts (1956 ed.) § 402; and 2A Bogert, Trusts and Trustees (1953 ed.) § 401; Pierce v. Yakima Valley Memorial Hospital Association, 1953, 43 Wash.2d 162, 260 P.2d 765.

2. IV Scott, The Law of Trusts, p. 2894, § 402.

3. These sections read:
   "Trustees must obey declaration of trust. A trustee must fulfil the purpose of the trust, as declared at its creation,

and must follow all the directions of the trustor given at that time, except as modified by the consent of all parties interested, in the same manner and to the same extent as an employee." R.C.M. 1947, § 86–501.
   "Degree of care and diligence in execution of trust. A trustee, whether he receives any compensation or not, must use at lease ordinary care and diligence in the execution of his trust." R.C.M.1947, § 86–502.

4. See Silva v. Providence Hospital of Oakland, 1939, 14 Cal.2d 762, 97 P.2d 798, 803, and cases there cited.

institution should be just before it is generous." [5]

Professor Scott states further, "None of the suggested reasons for exemption is altogether satisfactory and in most of the states no one theory is consistently applied." Some courts have sustained charitable immunity upon the broad basis of public policy. Scott concludes that, "A review of the more recent decisions shows a trend toward the limiting or abolition of the exemption of hospitals and other charitable institutions."

This trend is best exemplified by the change of position of the American Law Institute between the treatment of this subject in the original Restatement of the Law of Trusts promulgated in 1935 and Restatement, Trusts 2d promulgated May 23, 1957 and published in 1959. While Section 402 of the original Restatement included the rule that a person receiving benefits under a charitable trust could not reach trust property and apply it to the satisfaction of his claim, unless the trustee was personally at fault, this was changed in Restatement, Trusts 2d, and Section 402(2) reads: "A person against whom a tort is committed in the course of the administration of a charitable trust can reach trust property and apply it to the satisfaction of his claim."

The comment on this section, after referring to the diversity of judicial opinion on the question, concludes with this statement: "The trend of judicial opinion favors the denying of immunity, putting a charitable organization in the same position as that of non-charitable organizations, subjecting them to liability in tort not only for the negligence of the governing board but also for the negligence of employees, subjecting them to liability to recipients of benefits as well as to other persons. Hence, the rule is so stated in this Section." [6]

The courts in a number of states which originally adopted the rule of immunity, in whole or in part, now hold charitable corporations liable for the negligence of their employees, even though due care was exercised in their selection. These states include New York, Ohio, Washington, New Jersey,[7] and Idaho.[8] In rejecting the prior rule of immunity, the New York court said that, "The rule of nonliability is out of tune with the life about us, at variance with modern-day needs and with concepts of justice and fair dealing. It should be discarded." [9] The Ohio court [10] relied primarily upon an opinion by Judge Rutledge in the Court of Appeals for the District of Columbia, where the court said in part: "The rule of immunity is out of step

5. IV Scott, The Law of Trusts, p. 2894, § 402.

6. Professor Austin W. Scott was the reporter for both the original Restatement of Trusts and Restatement, Trusts 2d, as well as the author of Scott, The Law of Trusts, supra.

7. Collopy v. Newark Eye and Ear Infirmary, 1958, 27 N.J. 29, 141 A.2d 276. In related cases, the Supreme Court of New Jersey struck down the immunity of churches and other charitable institutions, as well as hospitals. Thereafter, the legislature enacted a statute immunizing religious, charitable and educational organizations as to tort liability to beneficiaries, and limiting the liability as to nonprofit organizations operating hospitals to an amount not exceeding $10,000. See N.J.S. 2A:53A–7 to 11, N.J. S.A.

8. Wheat v. Idaho Falls Latter Day Saints Hospital, 1956, 78 Idaho 60, 297 P.2d 1041.

9. Bing v. Thunig, 1957, 2 N.Y.2d 656, 163 N.Y.S.2d 3, 11, 143 N.E.2d 3, 9.

10. Avellone v. St. John's Hospital, 1956, 165 Ohio St. 467, 135 N.E.2d 410. In the subsequent case of Gibbon v. Young Women's Christian Association, 1960, 170 Ohio St. 280, 164 N.E.2d 563, 564, the Supreme Court of Ohio held that a charitable institution, "other than one which has as its purpose the maintenance and operation of a hospital" is, as a matter of public policy, not liable for tortious injury except (1) when the injured person is not a beneficiary, and (2) when a beneficiary suffers harm as a result of the failure of the institution to exercise due care in the selection or retention of an employee.

with the general trend of legislative and judicial policy in distributing losses incurred by individuals through the operation of an enterprise among all who benefit by it rather than in leaving them wholly to be borne by those who sustain them." [11]

In a comprehensive and well-considered opinion by Justice Hamley, the Supreme Court of Washington reversed its prior holding of immunity and now holds charitable, nonprofit hospitals liable without any showing of negligence in the selection of the employees responsible for injury.[12] In a prior case, the Washington court had held a charitable hospital immune on the basis of "public policy", by reason of "the encouragement and stimulation which the rule of nonliability gives to the establishment and maintenance by private charity of institutions devoted * * to the relief of those suffering from physical or mental disease and affliction".[13] In reversing this holding the court said in part [260 P.2d 769]:

"The almost unanimous view expressed in the recent decisions of our sister states is that, in so far as the rule of immunity was ever justified because of the need of financial encouragement and protection changed conditions have rendered the rule no longer necessary. (Citing cases.)"

The court held further that while the fact that an individual defendant institution has, or does not have, protection through liability insurance is wholly immaterial in determining liability, the fact "that the protection afforded by liability insurance is now available to charitable institutions generally is nevertheless appropriate for consideration, where the question is whether, as a matter of public policy, such institutions need immuity." The court continued:

"If we were to judge the question before us solely upon a factual basis —whether there still prevail the conditions or circumstances which led our court, in 1918, to find that public policy required immunity—the considerations discussed above strongly indicate a negative answer. When we add to these considerations the searching criticisms which have been leveled at the justness and legal soundness of the rule, its repudiation seems almost compelled." [14]

■■ In the absence of any decision of the Montana court,[15] I consider it proper to follow the trend of the modern decisions, particularly as reflected by the change in the Restatement of the Law of Trusts. It is my conclusion accordingly, that the defendant is not immune from liability by reason of the fact that it is

---

11. President and Directors of Georgetown College v. Hughes, 1942, 76 U.S.App.D.C. 123, 130 F.2d 810, 827. In Prosser on Torts (2d ed. 1955) 787, § 109, it is said that this "devastating opinion of Judge Rutledge * * * reviewed all of the arguments in favor of the immunity and demolished them so completely as to change the course of the law". Prosser says further, "The immunity of charities is clearly in full retreat, and it may be predicted with some confidence that the end of another decade will find a majority of the American jurisdictions holding that it does not exist."

12. Pierce v. Yakima Valley Memorial Hospital Association, 1953, 43 Wash.2d 162, 260 P.2d 765.

13. See Magnuson v. Swedish Hospital, 1918, 99 Wash. 399, 169 P. 828, 831.

14. 260 P.2d 765, 769, 771.

15. Since there is no decision of the Montana court, the holding here does not conflict with the doctrine of stare decisis, upon which defendant relies. Some courts have declined on that ground to change the rule of immunity where it had become firmly fixed as the law of the state. See also dissenting opinions in Avellone v. St. John's Hospital; Bing v. Thunig, and Pierce v. Yakima Valley Memorial Hospital Association, supra, where the dissenting justices took the position that any change in the fixed public policy of the state should be made only by legislative action.

 

a charitable corporation and that it may be held liable for the negligence of its employees, even though due care may have been exercised in their selection and retention.